# United States District Court
## Northern District of Indiana

| | | |
|---|---|---|
| DEMETRIUS D. THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16-CV-020 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Demetrius D. Thomas, a *pro se* prisoner, filed a habeas corpus petition challenging a

prison disciplinary hearing (WCU-15-03-332) where a  Westville Correctional Facility

Disciplinary Hearing Officer ("DHO") found him guilty of violating state law by engaging in

criminal gang activity on March 23, 2015. He was sanctioned with the loss of 365 days earned

credit time and demoted to credit class 2. Officer Haas initiated the charges when he wrote the

Report of Conduct:

> Based on the information obtained through interviews, and witness's offender, Thomas, Demetrius is being charged with the above offense A-100.
>
> It was found in this investigation that offender Thomas along with several other affiliated members assaulted two opposing gang members. This assault caused significant injury to the victims. Thomas was named by multiple witnesses during this investigation, and was seen by staff throwing away a bloody shirt, when staff responded to the scene.
>
> This action is a Criminal offense violating State Law. IC 35-45-9-3.
>
> A Confidential informant has provided information in this case resulting in the conclusion that the above identified offender is guilty of the above charged offense. I swear to affirm under penalties of perjury that I have knowledge of the confidential informant, and that I believe the informant provided to me in this case by the confidential informant to be reliable and true.

(DE 6-1.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Thomas raises three grounds in his petition.

In Ground One, Thomas argues that he was not provided with all of the evidence he requested. Notably, the only witness Thomas requested at screening was presented at his hearing. (DE 6-3 at 2.) Thomas claims that he additionally requested a statement from one of the victims of the assault and video evidence of the incident. In the prison disciplinary context, an inmate has a constitutional right to present relevant, exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Nevertheless, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Here, the evidence that Thomas requested was included in the confidential internal affairs file that was considered by the DHO. Therefore he was not denied due process and Ground One is not a basis for habeas corpus relief.

In Ground Two, Thomas argues that because he was not given the decision of the hearing officer in a timely manner, the process of his administrative appeal was defective. However, Thomas does not have a federal due process right to a particular procedure for administrative

review under *Wolff*. Any such complaint regarding the administrative review of his claim is a

state law claim, which would not entitle him to habeas relief. Notably, though Thomas complains

about not receiving the decision of the hearing officer until May 14, 2015, he has not shown any

resulting prejudice. Indeed, the Respondent did not make any claims of procedural default

against Thomas. Therefore, he was not denied due process and Ground Two is not a basis for

habeas corpus relief.

In Ground Three, Thomas argues that there was insufficient evidence to have found him

guilty. "In reviewing a decision for some evidence, [the court is to] determine whether the prison

disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v.

McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question

is whether there is any evidence in the record that could support the conclusion reached by the

disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he findings of a

prison disciplinary board [need only] have the support of some evidence in the record. This is a

lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice,

so long as the record is not so devoid of evidence that the findings of the disciplinary board were

without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)

(quotation marks and citations omitted). Here, there is "some evidence" and the decision to find

Thomas guilty was not arbitrary. The confidential file submitted to the court under seal details an

extensive investigation. Multiple witnesses establish that Thomas was involved in the gang-

related assault and battery. Although Thomas makes much of the fact that the victims did not

identify him as the attacker, the Internal Affairs investigator also indicated possible motives for

non-cooperation by the victims of the attacks. There was sufficient evidence to have found him

guilty and Ground Three is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** and the clerk is **DIRECTED** to

close this case.

**SO ORDERED** on January 27, 2017.

                                         s/ Joseph S. Van Bokkelen
                                         Joseph S. Van Bokkelen
                                         United States District Judge
                                         Hammond Division